**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ | ) |
| **SIX FLAGS, INC. and** | ) |
| **TIG INSURANCE COMPANY,** | ) |
| | ) |
|       **Plaintiffs,** | ) |
| | ) |
| v. | )    **Civil Action No. 05-11444 NMG** |
| | ) |
| **STEADFAST INSURANCE COMPANY,** | ) |
| | ) |
|       **Defendant.** | ) |
| _____ | ) |

**Defendant, Steadfast Insurance Company's**
**Answer To The Plaintiffs' Complaint**

The Defendant, Steadfast Insurance Company ("Steadfast"), by and through counsel,

answers the Plaintiffs' Complaint as follows:

1.  Steadfast is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 1 of the Complaint.

2.  Steadfast is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 2 of the Complaint.

3.  Steadfast is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 3 of the Complaint.

4.  Steadfast admits the allegations contained in Paragraph 4 of the Complaint.

5.  Steadfast denies the allegations contained in Paragraph 5 of the Complaint.

6.  Steadfast admits the allegations contained in Paragraph 6 of the Complaint.

7.    Steadfast admits that it issued Policy No. SCO 3776164-00 with per occurrence policy limits of $5 million to O.D. Hopkins Associates, inc. for the policy period July 1, 1999 to July 1, 2000.  Steadfast denies the remaining allegations contained in Paragraph 7.

8.    Steadfast denies the allegations contained in Paragraph 8 of the Complaint.

9.    Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.    Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.    Steadfast states that the letter agreement attached as Exhibit 1 speaks for itself. Otherwise, Steadfast  is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.    Steadfast states that the letter agreement attached as Exhibit 1 speaks for itself. Otherwise, Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    Steadfast states that the letter attached as Exhibit 2 speaks for itself.  Otherwise, Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.    Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    Steadfast admits the allegations contained in Paragraph 15 of the Complaint.

16.    Steadfast states that the complaint in the underlying tort suit speaks for itself.  Steadfast denies any remaining allegations contained in Paragraph 16.

17.   Steadfast states that the complaint in the underlying tort suit speaks for itself. Steadfast denies any remaining allegations contained in Paragraph 17.

18.   Steadfast states that the complaint in the underlying tort suit speaks for itself. Steadfast denies any remaining allegations contained in Paragraph 18.

19.   Steadfast states that the complaint in the underlying tort suit speaks for itself. Steadfast denies any remaining allegations contained in Paragraph 19.

20.   Steadfast states that the complaint in the underlying tort suit speaks for itself. Steadfast denies any remaining allegations contained in Paragraph 20.

21.   Steadfast states that the complaint in the underlying tort suit speaks for itself. Steadfast denies any remaining allegations contained in Paragraph 21.

22.   Steadfast states that the complaint in the underlying tort suit speaks for itself. Steadfast denies any remaining allegations contained in Paragraph 22.

23.   Steadfast states that the complaint in the underlying tort suit speaks for itself. Steadfast denies any remaining allegations contained in Paragraph 23.

24.   Steadfast states that the complaint in the underlying tort suit speaks for itself. Steadfast denies any remaining allegations contained in Paragraph 24.

25.   Steadfast states that the complaint in the underlying tort suit speaks for itself. Steadfast denies any remaining allegations contained in Paragraph 25.

26.   Steadfast admits the allegations contained in Paragraph 26 of the Complaint.

27.   Steadfast admits the allegations contained in Paragraph 27 of the Complaint.

28.   Steadfast denies the allegations contained in Paragraph 28 of the Complaint.

29.   Steadfast admits the allegations contained in Paragraph 29 of the Complaint.

30.   Steadfast denies the allegations contained in Paragraph 30 of the Complaint.

3

31.    Steadfast admits that John Graceffa of Morrison, Mahoney & Miller sent a letter to
Zurich American Insurance Group on October 1, 2003 and that, in that letter, Mr.
Graceffa demanded that Zurich defend and indemnify Premier Parks. The October 1,
2003 letter speaks for itself. Steadfast denies any remaining allegations contained in
Paragraph 31 of the Complaint.

32.    Steadfast denies the allegations contained in Paragraph 32 of the Complaint.

33.    Steadfast admits that it sent a letter to John Graceffa of Morrison, Mahoney & Miller
dated June 7, 2005 and states that the letter speaks for itself. Steadfast denies the
remaining allegations contained in Paragraph 33 of the Complaint.

34.    Steadfast admits that it has not assumed the defense of Six Flags in the underlying tort
suit because Six Flags is not an insured on the Steadfast policy and, therefore, Steadfast
has no duty to defend it. Steadfast denies the remaining allegations contained in
Paragraph 34 of the Complaint.

35.    Steadfast is without knowledge or information sufficient to form a belief as to the truth of
the allegations contained in Paragraph 35 of the Complaint.

36.    Steadfast states that the terms, conditions, exclusions and endorsements to the TIG policy
speak for themselves. Steadfast denies any remaining allegations contained in Paragraph
36 of the Complaint.

37.    Steadfast denies the allegations contained in Paragraph 30 of the Complaint.

### COUNT I (SIX FLAGS – DUTY TO DEFEND)

38.    Steadfast incorporates by reference its Answer to Paragraphs 1 through 37 as if set fully
forth herein.

4

39.    Paragraph 39 states a conclusion of law to which no response is required.  Nevertheless, to the extent Paragraph 39 requires a response, Steadfast denies the allegations contained herein.

40.    Steadfast states that the underlying Complaint speaks for itself.  Steadfast denies the remaining allegations contained in Paragraph 40.

41.    Steadfast denies the allegations contained in Paragraph 41 of the Complaint.

42.    Steadfast denies the allegations contained in Paragraph 42 of the Complaint.

## COUNT II (SIX FLAGS – DUTY TO DEFEND)

43.    Steadfast incorporates by reference its Answer to Paragraphs 1 through 42 as if set fully forth herein.

44.    Steadfast denies the allegations contained in Paragraph 44 of the Complaint.

45.    Steadfast denies the allegations contained in Paragraph 45 of the Complaint.

## COUNT III (TIG – SUBROGATION/EQUITABLE CONTRIBUTION)

46.    Steadfast incorporates by reference its Answer to Paragraphs 1 through 45 as if set fully forth herein.

47.    Steadfast denies the allegations contained in Paragraph 47 of the Complaint.

48.    Steadfast denies the allegations contained in Paragraph 48 of the Complaint.

49.    Steadfast denies the allegations contained in Paragraph 49 of the Complaint.

50.    Steadfast denies the allegations contained in Paragraph 50 of the Complaint.

51.    Steadfast denies the allegations contained in Paragraph 51 of the Complaint.

52.    Steadfast denies the allegations contained in Paragraph 52 of the Complaint.

## COUNT V (SIC.) (SIX FLAGS – MASSACHUSETTS CONSUMER PROTECTION STATUTE)

53.    Steadfast incorporates by reference its Answer to Paragraphs 1 through 45 as if set fully forth herein.

54.    Paragraph 54 states a conclusion of law to which no response is required. Nevertheless, to the extent Paragraph 54 requires a response, Steadfast denies the allegations contained herein.

55.    Steadfast denies the allegations contained in Paragraph 55 of the Complaint.

56.    Steadfast denies the allegations contained in Paragraph 56 of the Complaint.

57.    Steadfast denies the allegations contained in Paragraph 57 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Neither Six Flags, Inc. nor its predecessors were named as an insured on the Steadfast policy and, therefore, Steadfast does not have a duty to defend or indemnify Six Flags, Inc.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery under Chapters 93A because Steadfast's actions were permitted by Massachusetts General Laws.

### THIRD AFFIRMATIVE DEFENSE

Steadfast did not knowingly or willfully violate the provisions of M.G.L. Chapter 93A.

### FOURTH AFFIRMATIVE DEFENSE

Steadfast reserves the right to assert all defenses which may be pertinent to the Plaintiffs' claims once the precise nature of such claims are ascertained through discovery.

6

**WHEREFORE**, Steadfast Insurance Company prays that this Honorable Court:

1.    Dismiss the Plaintiffs' Complaint;

2.    Award Steadfast Insurance Company its fees, costs and expenses incurred in the

defense of this action; and

3.    Award such further relief as this Court deems proper and just.

                              **STEADFAST INSURANCE COMPANY**,
                              By its attorneys,


                              _____
                              Peter G. Hermes, BBO Bo. 231840
                              John R. Felice, BBO No. 644517
                              HERMES, NETBURN, O'CONNOR
                                  & SPEARING, P.C.
                              111 Devonshire Street, Eighth Floor
                              Boston, MA 02109-5407
                              (617) 728-0050
Dated: 8/19/05                (617) 728-0052 (F)


### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2005, I served the foregoing document by first class mail, postage prepaid, upon the following counsel of record:

Samuel M. Furgang, Esquire
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimack Street
Boston, MA 02114

                              _____
                              John R. Felice

G:\DOCS\JRF\CLIENTS\Zurich\Six Flags\Pleadings\Answer.doc