UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
SIX FLAGS, INC. and                         )
TIG INSURANCE COMPANY,                      )
                                            )
        Plaintiffs,                         )
                                            )
v.                                          )     Civil Action No. 05-11444 NMG
                                            )
STEADFAST INSURANCE COMPANY,                )
                                            )
        Defendant.                          )
_____)

**DEFENDANT STEADFAST INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Steadfast Insurance Company (hereinafter "Steadfast"), pursuant to Fed. R. Civ. P. 56(c), moves for summary judgment in its favor as to all counts of Plaintiffs' Complaint.

Plaintiffs contend that Six Flags, Inc. ("Six Flags"), previously known as Premier Parks, Inc. ("Premier Parks"), is an additional insured under an insurance policy issued by Defendant Steadfast Insurance Company ("Steadfast") to O.D. Hopkins Associates, Inc. ("O.D. Hopkins"), pursuant to Endorsement 11 and/or 12 of the policy. Endorsement 11 amends "Section II. Who Is An Insured" of the Steadfast policy to include vendors with respect to the distribution or sale in regular course of the vendor's business of the named insured's products. Endorsement 12 amends "Who is an Insured (Section II)" of the Steadfast policy to include "any person or organization for whom you perform operations when you and such person have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy."

In or around 1998, Six Flags engaged OD Hopkins to design, manufacture, and test a water ride named the "Blizzard River Ride" (hereinafter "Subject Ride") for one of Six Flags'

amusement parks located in Agawam, Massachusetts (hereinafter "Riverside Park"). In or around June, 1999, OD Hopkins completed the construction and installation of the Subject Ride at Riverside Park. Thereafter, a lawsuit was filed in Messier, *et. al.* vs. Six Flags, Inc., *et. al.*, Worcester Superior Court, No. SUCV2001-01494B (the "Underlying Actions"), through which the plaintiffs sought damages from Six Flags and OD Hopkins, among others, related to an alleged near drowning incident that occurred on or about August 7, 1999 involving the Subject Ride at Riverside Park.

In the present action, Six Flags contends that Steadfast owes it a duty to provide a defense and indemnification regarding the Underlying Actions, and that Steadfast has violated Mass. Gen. L. ch. 93A by refusing to do so. TIG Insurance Company (hereinafter "TIG") contends that it is subrogated to the rights of Six Flags with respect to the amounts that TIG has incurred defending Six Flags in the Underlying Actions.

Because there are no genuine issues of material fact,[1] Steadfast is entitled to judgment as a matter of law. Six Flags is not an additional insured under the Steadfast Policy under either Endorsement 11 or 12. Six Flags did not distribute or sell OD Hopkins' products, and was not a vendor under Endorsement 11. OD Hopkins and Six Flags did not agree in writing in a contract or agreement to add Six Flags as an additional insured to the Steadfast Policy under Endorsement 12. Accordingly, Steadfast owes no duty to defend or indemnify Six Flags. Steadfast did not violate Mass. Gen. L. ch. 93A by declining to do so with respect to Underlying Actions. Likewise, Steadfast does not owe TIG for amounts that TIG has incurred defending Six Flags in the Underlying Actions.

---

[1] The facts contained in Steadfast Insurance Company's Concise Statement of Material Facts as to which there is no Genuine Issue are admitted for the sole purpose of consideration of Steadfast's motion for summary judgment, and are not admitted for any other purpose.

As further grounds for this Motion, Steadfast relies upon the Memorandum of Law in Support of Steadfast Insurance Company's Motion for Summary Judgment, Defendant Steadfast Insurance Company's Concise Statement of Material Facts as to Which there is No Genuine Issue, and the Affidavit of Peter Hermes, all of which are filed herewith.

**WHEREFORE**, Steadfast requests that this Court:

(1) grant summary judgment in favor of Steadfast as to all counts of the Plaintiffs' Complaint;

(2) enter judgment in favor of Steadfast; and

(3) grant such other and further relief as this Court deems appropriate.

## STEADFAST REQUESTS ORAL ARGUMENT

## RULE 7.1(A)(2) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(A)(2), counsel certifies that they have attempted in good faith to resolve or narrow the issue presented by this motion.

**STEADFAST INSURANCE COMPANY**,
By its attorneys,

/s/ Eric C. Hipp
Peter G. Hermes, BBO No. 231840
Eric C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR
  & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050 – Tel.
(617) 728-0052 – Fax

Dated: April 20, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 20, 2006,

      /s/ Eric C. Hipp
      Eric C. Hipp

G:\ECH\Zurich\OH D Hopkins\Pleadings\Motion fo rSummary Judgment.doc