UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIX FLAGS, INC., and TIG INSURANCE COMPANY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>STEADFAST INSURANCE COMPANY, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 05-11444 NMG |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Fed.R.Civ.P. 56(c), Plaintiffs Six Flags, Inc. ("Six Flags")[1] and TIG Insurance Company ("TIG"), hereby oppose defendant Steadfast Insurance Company's ("Steadfast") motion for summary judgment and, in addition, move for summary judgment on Counts I, II and III of their Complaint for the following reasons.

On the undisputed facts of this case, OD Hopkins' appointed representative in the negotiation of the sale of a river raft ride for a Six Flags amusement park in Agawam, agreed, in writing, to provide insurance coverage by making Six Flags an additional insured in the OD Hopkins liability policy. That undertaking was part of an overall contract or agreement for the construction of the ride – a ride which Six Flags paid for; and OD Hopkins constructed and delivered. Therefore, pursuant to the clear terms of Endorsement 12, Six Flags is an "Insured" under the Steadfast policy issued to OD Hopkins, and Steadfast was obligated to defend and indemnify Six Flags for the claims made in the Worcester lawsuit. Furthermore, the vendor's

---

[1] From 1994 until June 30, 2000, Six Flags, Inc. was known as Premier Parks, Inc. For the sake of clarity, "Six Flags" will be used to identify the plaintiff regardless of the time period being discussed.

endorsement contained in Endorsement 11 of the Steadfast policy provides an alternative basis for coverage as Six Flags was a distributor of the river raft ride.

Six Flags' M.G.L. c. 93A claim is based upon the failure of Steadfast to defend and indemnify Six Flags; its failure to promptly provide a reasonable explanation for its failure to defend; and its failure to act reasonably promptly upon communication with respect to claims arising under its policy. Most of these claims are not addressed in Steadfast's motion and, therefore, are not amenable to summary judgment.

For these reasons, this Court should deny Steadfast's motion for summary judgment and allow the plaintiffs' cross-motion for partial summary judgment.

As further grounds for their opposition and cross-motion, Six Flags and TIG rely upon their Memorandum In Support Of Plaintiffs Opposition To Defendant's Motion For Summary Judgment And Plaintiffs' Cross-Motion For Partial Summary Judgment, and the Affidavit of Samuel Furgang, both of which are filed herewith.

For the foregoing reasons, the plaintiffs respectfully request that Steadfast's motion for summary judgment be denied, and that plaintiffs cross-motion for partial summary judgment be allowed.

**PLAINTIFFS REQUEST ORAL ARGUMENT**

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), counsel for the plaintiffs hereby certifies that they have attempted in good faith to resolve or narrow the issue presented by the motion and cross-motion.

> Six Flags, Inc. and TIG Insurance Company.
> By their attorneys,
>
> /s/Samuel M. Furgang
> Regina E. Roman, BBO No. 426120
> Samuel M. Furgang, BBO No. 559062
> Matthew C. Welnicki, BBO No. 647104
> Sugarman, Rogers, Barshak & Cohen, P.C.
> 101 Merrimac Street
> Boston, MA 02113

Dated: May 15, 2006

### CERTIFICATE OF SERVICE

I, Samuel M. Furgang, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 15, 2006.

> /s/Samuel M. Furgang
> Samuel M. Furgang

377556