UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
SIX FLAGS, INC. and                         )
TIG INSURANCE COMPANY,                      )
                                            )
            Plaintiffs,                     )
                                            )
v.                                          )   Civil Action No. 05-11444 NMG
                                            )
STEADFAST INSURANCE COMPANY,                )
                                            )
            Defendant.                      )
_____)

**DEFENDANT STEADFAST INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant Steadfast Insurance Company (hereinafter "Steadfast"), hereby opposes Plaintiffs Six Flags, Inc. (hereinafter "Six Flags") and TIG Insurance Company's (hereinafter "TIG") Cross-Motion for Summary Judgment.

On the undisputed facts in this matter, Six Flags is not an additional insured under the Steadfast Policy under either Endorsement 11 or 12. Six Flags did not distribute or sell OD Hopkins' products, and was not a vendor under Endorsement 11. OD Hopkins and Six Flags did not agree in writing in a contract or agreement to add Six Flags as an additional insured to the Steadfast Policy under Endorsement 12. Accordingly, Steadfast owes no duty to defend or indemnify Six Flags, and does not owe TIG for amounts that TIG has incurred defending Six Flags in the Underlying Actions. Plaintiffs' Cross-Motion for Partial Summary Judgment should be denied.

As detailed in the Affidavit of Peter Hermes Pursuant to Fed. Civ. P. R. 56(f) in Opposition to Plaintiffs' Cross-Motion for Summary Judgment, which is filed herewith, Plaintiffs

raised certain factual allegations for the first time in this litigation, or in the Underlying Actions,[1] when they filed the Affidavit of Gary Story on May 15, 2006. Such factual allegations include a telephone conversation that allegedly occurred in December, 1998 between Mr. Story and Mr. Glover. Such telephone conversation was not alleged in Plaintiffs' Complaint or otherwise asserted until the Affidavit of Gary Story was filed on May 15, 2006. In addition, Mr. Story alleges that the Subject Ride was the first OD Hopkins project that he had negotiated with James Glover, and that the sales representatives at OD Hopkins are responsible for negotiating the terms of the contract on behalf of OD Hopkins. These allegations are in direct contradiction to the deposition testimony of James Glover, which was submitted with Defendant's motion for summary judgment.

Mr. Story was not deposed during the prosecution of the Underlying Actions. Steadfast, which was not a party to the Underlying Actions, has not had an opportunity to depose Mr. Story in the present matter. Plaintiffs' counsel provided Mr. Story's address and telephone number for the first time by letter on Friday, June 2, 2006. Mr. Story is a resident of Edmond, Oklahoma. On Monday, June 5, 2006, Defendant's counsel noticed the deposition of Mr. Story for Friday, June 16, 2006 in Oklahoma City, Oklahoma. On June 5th, a deposition subpoena was prepared for Mr. Story, and delivered to a process server in Oklahoma. In compliance with Fed. R. Civ. P. 45, the subpoena was served by delivery to Mr. Story on June 8, 2006 by a person who is not a party and is not less than 18 years of age.

---

[1] As described in Defendant's motion for summary judgment, the Underlying Actions are contained in the complaint was filed in or around July, 2001 in the action entitled <u>Messier, et. al. vs. Six Flags, Inc., et. al.</u>, Worcester Superior Court, No. SUCV2001-01494B, through which the plaintiffs sought damages from, among others, Six Flags and OD Hopkins, related to an alleged near drowning incident that occurred on or about August 7, 1999 involving the Subject Ride.

In addition, Steadfast's counsel has attempted to contact James Glover regarding the factual allegations contained in Mr. Story's affidavit.  Counsel for OD Hopkins in the Underlying Actions has provided a cell phone number for Mr. Glover, but to date Steadfast's counsel has been unable to make contact and speak with Mr. Glover about the factual allegations contained in Mr. Story's affidavit.  At present, Steadfast's counsel does not have a present address for Mr. Glover, and therefore can not notice his deposition.  Under these circumstances, Steadfast requests that the Court deny Plaintiffs' Cross-Motion for Partial Summary Judgment, or in the alternative order a continuance to allow Steadfast additional time to obtain affidavits from and/or take the depositions of Gary Story and James Glover.

As further grounds for this Opposition, Steadfast relies upon the Memorandum of Law in Support of Steadfast's Opposition to Plaintiffs' Cross-Motion for Summary Judgment, Steadfast's Response to Plaintiffs' Statement of Additional Material Facts to which there is No Genuine Issue, and the Affidavit of Peter Hermes Pursuant to Fed. Civ. P. R. 56(f) in Opposition to Plaintiffs' Cross-Motion for Summary Judgment, all of which are filed herewith.  In addition, Steadfast relies upon all materials previously filed in support of Steadfast's Motion for Summary Judgment.

WHEREFORE, Defendant Steadfast Insurance Company respectfully requests that the Court deny Plaintiffs' Cross-Motion for Partial Summary Judgment.  In the alternative, Defendant Steadfast Insurance Company requests that the Court order a continuance to permit affidavits to be obtained or depositions to be taken regarding Gary Story and James Glover.

**STEADFAST INSURANCE COMPANY**,
By its attorneys,


/s/ Peter G. Hermes
Peter G. Hermes, BBO No. 231840
Eric C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR
　& SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050 – Tel.
(617) 728-0052 – Fax


**CERTIFICATE OF SERVICE**

　　　I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 9, 2006.


/s/ Eric C. Hipp
Eric C. Hipp

G:\DOCS\ECH\Clients\Zurich\OD Hopkins 15643\Pleadings\Opp to Cross Motion for MSJ\Opposition to Plaintiffs' Cross-Motion for Summary Judgment.doc