UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIX FLAGS, INC. and <br> TIG INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> STEADFAST INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-11444 NMG <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT STEADFAST INSURANCE COMPANY'S OPPOSITION TO
PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant Steadfast Insurance Company (hereinafter "Steadfast"), opposes Plaintiffs Six Flags, Inc. (hereinafter "Six Flags") and TIG Insurance Company's (hereinafter "TIG") Cross-Motion for Summary Judgment. In addition to the legal argument contained herein, Steadfast relies upon the arguments contained in the Memorandum of Law in Support of Defendant Steadfast Insurance Company's Motion for Summary Judgment.

On the undisputed facts in this matter, Six Flags is not an additional insured under the Steadfast Policy under either Endorsement 11 or 12. Six Flags did not distribute or sell OD Hopkins' products, and was not a vendor under Endorsement 11. OD Hopkins and Six Flags did not agree in writing in a contract or agreement to add Six Flags as an additional insured to the Steadfast Policy under Endorsement 12. Accordingly, Steadfast owes no duty to defend or indemnify Six Flags, and does not owe TIG for amounts that TIG has incurred defending Six Flags in the Underlying Actions. Plaintiffs' Cross-Motion for Partial Summary Judgment should

be denied. In the alternative, the Court should order a continuance to permit affidavits to be obtained or depositions to be taken regarding Gary Story and James Glover.

## ARGUMENT

I. Six Flags and OD Hopkins did not agree in writing in a contract or agreement that Six Flags be added as an additional insured on the insurance policy issued to OD Hopkins by Steadfast Insurance Company.

In their Cross-Motion for Summary Judgment, Plaintiffs assert that the Letter Agreement Proposed by Six Flags and the November 25, 1998 Fax demonstrate that, "these two parties agreed in writing that Six Flags would be named as an insured under OD Hopkins' insurance policies, including the Steadfast Policy." Plaintiffs argue that parties so agreed in an "agreement," as opposed to a "contract."

The Restatement (Second) of Contracts § 3 (1981) defines an agreement as, "a manifestation of mutual assent on the part of two or more persons." Citing Gaskins v. Blue Cross-Blue Shield of South Carolina, 245 S.E.2d 598, 600 (S.C. 1978), Plaintiffs argue that "agreement" has a wider meaning than "contract." In that case, the court explained that an agreement could be "a verbal understanding to which both parties have assented, and upon which both are acting." Id. The court held that, "[t]he term agreement is often used as synonymous with contract, but properly speaking has a wider term than contract. Therefore, 'agreement' does not in and of itself connote a writing." Id. In the context of Endorsement 12 in the present matter however, any such difference between the terms "contract" and "agreement" is rendered meaningless by the explicit requirement that the parties "agree in writing in a contract or agreement."

The Letter Agreement Proposed by Six Flags and the November 25, 1998 Fax did not constitute an agreement in writing. Rather, the letters were part of ongoing negotiations between

the two parties that were never consummated in writing.  The Plaintiffs fail to cite any authority for the proposition that an agreement to agree to a particular term of a contract in the future is enforceable.  To the contrary, "a mere agreement to agree, in which a material term is left for future negotiations, is unenforceable."  <u>Health Plans, Inc. v. New York Life Ins. Co.</u>, 898 F.Supp. 941, 946-7 (D.Mass. 1995)(quoting <u>Tribune Printing Co., Inc. v. 263 Ninth Avenue Realty, Inc.</u>, 452 N.Y.S.2d 590, 593 (N.Y. App. Div. 1982).  At best, the Letter Agreement Proposed by Six Flags and the November 25, 1998 Fax constitute an agreement that Six Flags and OD Hopkins would agree in the future to agree, as part of a fully negotiated contract or agreement memorialized in Purchase Agreement or some other writing, that Six Flags would be named as an additional insured.

The terms of the November 25, 1998 Fax were specifically qualified by Mr. Glover in his statement that, "[w]e will work in good faith to conclude an acceptable Purchase Agreement."  Six Flags did not respond to the November 25, 1998 Fax in writing.  No contract, letter agreement, purchase agreement, or proposal regarding the transaction for the Subject Ride was executed by Six Flags and OD Hopkins.  Accordingly, there was no written contract or agreement, as required by Endorsement 12 of the Steadfast Policy, that Six Flags would be named as an additional insured.

II.  The terms of the Steadfast Policy are plain and unambiguous, and require the parties to "agree in writing in a contract or agreement" for Six Flags to be added as an additional insured.

In their Cross-Motion for Summary Judgment, Plaintiff's argue that Steadfast's "narrow view" of Endorsement 12 is a "strict construction" that has been rejected by other courts.  However, none of the cases cited stand for Plaintiffs' proposition that agreed upon terms of a

contract or agreement under negotiation are enforceable even if the negotiations are never completed.

In Atofina Petrochemicals, Inc. v. Continental Casualty Co., 185 S.W.3d 440 (Tex. 2005), the issue was whether a subcontractor's written offer to provide, among other things, "insurance" to a general contractor was definitive enough to make the general contractor an additional insured.  The general contractor had orally accepted the subcontractor's written proposal, and the subcontractor had received the general contractor's signed purchase order by fax.  The court held that there was a written contract between the parties.  Id. at 442-3.  In addition, the subcontractor had requested a certificate of insurance naming the general contractor as an additional insured.  Under the circumstances, including the long-standing relationship between the general contractor and subcontractor, the court held that the written contract was sufficiently definite for the parties to understand their obligations.  Id. at 443.

In both Brooklyn Hospital Center v. OneBeacon Insurance, No. 104978/2, 2004 WL 2913774, mem. op. at  3 (N.Y. Sup. Ct. Dec. 14, 2004) and Jackson v. Northeast United Corp., 718 N.Y.S.2d 564, 566 (N.Y. Sup. Ct. Sept. 30, 2000), the issue was whether the additional insured provision in an unsigned subcontract was enforceable, when there was no dispute that subcontract was binding.

In the present matter, OD Hopkins acted in good faith throughout the transaction; designing, manufacturing, and installing the Subject Ride without a written contract or agreement based upon the parties' previous business relationship.  OD Hopkins sent the first written proposal to Six Flags in August, 1998.  This proposal was rejected by Six Flags, which sent an unsigned counteroffer in the form of the Letter Agreement Proposed By Six Flags.  OD Hopkins rejected the Letter Agreement Proposed By Six Flags through the November 25, 1998

fax from Mr. Glover, who stated that Six Flag's counteroffer was "a radical departure from the manner in which we have worked in the past."

It is undisputed that Six Flags did not respond to the November 25, 1998 Fax in writing. As such, the parties did not "agree in writing in a contract or agreement" that that Six Flags would be named as an additional insured, as required by the plain and unambiguous language of Endorsement 12 of the Steadfast Policy.

III.  The November 25, 1998 Fax was not a counteroffer, and Six Flags and OD Hopkins did not enter into a "Formal Contract" that included a Written Agreement Concerning Insurance through Six Flag's alleged acceptance of the terms thereof.

In their Cross-Motion for Summary Judgment, Plaintiffs assert that the November 25, 1998 Fax was a counteroffer that was orally accepted by Gary Story in a telephone conversation in December, 1998.

First, as argued in Steadfast's Motion for Summary Judgment, the November 25, 1998 Fax did not constitute a counteroffer. Mr. Glover specifically qualified his responses to the terms of the Letter Agreement Proposed by Six Flags by stating that, "[w]e will work in good faith to conclude an acceptable Purchase Agreement."

Second, as addressed in the Affidavit of Peter G. Hermes Pursuant to Fed. R. Civ. P. 56(f) in Opposition to Plaintiffs' Cross-Motion for Summary Judgment, Steadfast disputes the December, 1998 telephone call alleged in the Affidavit of Gary Story. Steadfast does not agree that Six Flags orally accepted the terms of the November 25, 1998 Fax.

Furthermore, Steadfast disputes Plaintiff's contention that Mr. Glover displayed apparent authority to enter into a contract with Six Flags on behalf of OD Hopkins with respect to the transaction for the Subject Ride. As explained in detail in Steadfast's Motion for Summary

5

Judgment, Mr. Glover did not have such actual authority. In addition, Mr. Story knew or should have known that Mr. Glover did not have such authority. In their previous business dealings regarding an amusement park ride transaction, Mr. Glover had not signed a contract, letter agreement or proposal. In addition, as part of OD Hopkins' first written proposal to Six Flags, each page of the Ride Description and Specifications and the Payment Terms was initialed by Jerry Pendleton, the President of OD Hopkins. If there has been a written contract or agreement between Six Flags and OD Hopkins for the Subject Ride, Jerry Pendleton would have signed for OD Hopkins as President.

Finally, even if Mr. Story did orally accept the terms of the November 25, 1998 Fax, such agreement would violate of the Statute of Frauds found at Mass. G. L. ch. 259, § 1, which provides that:

> [n]o action shall be brought … upon an agreement that is not to be performed within one year from the making thereof … [u]nless the promise, contract or agreement …, or some memorandum or note thereof, … is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized.

Although the Subject Ride was manufactured and installed within one year, the warranty provision found in Paragraph 9 of the Letter Agreement Proposed by Six Flags extended for eighteen (18) months. In addition, Paragraph 13 the Letter Agreement Proposed by Six Flags required OD Hopkins to provide insurance coverage for Six Flags as an additional insured during the warranty period. Paragraph 9 of the November 25, 1998 Fax provided that, "[o]ur standard warranty is for twelve months from acceptance of the ride," and Paragraph 13 state, "accepted as written." Accordingly, the "agreement" could not be performed within one year, because of the very insurance provision at issue in this litigation, and is subject to the Statute of Frauds.

No contract, letter agreement, purchase agreement, or proposal regarding the transaction for the Subject Ride was executed by Six Flags and OD Hopkins. The November 25, 1998 Fax does not satisfy requirement Statute of Frauds' requirement of a writing "signed by the party to be charged therewith or by some person thereunto by him lawfully authorized." Mr. Glover was not "lawfully authorized" to sign any contract with Six Flags on behalf of OD Hopkins with respect to the transaction for the Subject Ride, as explained above. Mr. Glover had no such actual or apparent authority. The alleged oral agreement, including an agreement that Six Flags would be an additional insured would not be enforceable under the Statute of Frauds. Such oral agreement would not satisfy the writing requirement of Endorsement 12 either.

IV.   Six Flags was not a Vendor with respect to the distribution or sale in the regular course of its business of OD Hopkins products, and was not an Additional Insured under Endorsement 11 of the Steadfast Policy.

In their Cross-Motion for Summary Judgment, Plaintiffs assert that "the paid use of the river raft ride by customers in the regular course of business at the amusement park constituted the merchandising of the product." As such, Plaintiffs contend that Six Flags was a vendor, and an additional insured to the Steadfast Policy under Endorsement 11 "with respect to the distribution or sale in the regular course of the vendor's business of [OD Hopkins]'s products." Citing Makrigiannis v. Nintendo of America, Inc., 815 N.E.2d 1066, 1069 (Mass. 2004), Plaintiffs contend that "distribution" means "the marketing or merchandising of commodities."

Plaintiffs do not offer any definition for "merchandising." Nevertheless, the Subject Ride was certainly not a commodity, which is defined in Black's Law Dictionary as "moveable articles of value; things that are bought and sold." Rather, the Subject Ride was a "fixture" at Riverside Park.

7

Six Flags did not sell or distribute the Subject Ride (or any other OD Hopkins product) to anyone, much less to the plaintiffs in the Underlying Actions. Six Flags provided an entertainment service, and did not merchandise a commodity, when it allowed paying customers to use the Subject Ride at Riverside Park.

## CONCLUSION

For the aforementioned reasons, Defendant Steadfast Insurance Company respectfully requests that the Court deny Plaintiffs' Cross-Motion for Partial Summary Judgment. In the alternative, Defendant Steadfast Insurance Company requests that the Court order a continuance to permit affidavits to be obtained or depositions to be taken regarding Gary Story and James Glover.

STEADFAST INSURANCE COMPANY,
By its attorneys,

/s/ Peter G. Hermes
Peter G. Hermes, BBO No. 231840
Eric C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR
    & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050 – Tel.
(617) 728-0052 – Fax

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 9, 2006.

/s/ Eric C. Hipp
Eric C. Hipp

G:\DOCS\ECH\Clients\Zurich\OD Hopkins 15643\Pleadings\Opp to Cross Motion for MSJ\Memo of Law in Support of Opposition to Plaintiffs' Cross-Motion for Summary Judgment.doc