UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SIX FLAGS, INC. and<br>TIG INSURANCE COMPANY,<br><br>      Plaintiffs,<br><br>v.<br><br>STEADFAST INSURANCE COMPANY,<br><br>      Defendant. | Civil Action No. 05-11444 NMG |

**DEFENDANT STEADFAST INSURANCE COMPANY'S RESPONSE TO
PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS
TO WHICH THERE IS NO GENUINE ISSUE**

Defendant Steadfast Insurance Company (hereinafter "Steadfast"), pursuant to LR 56.1, responds to Plaintiffs Six Flags, Inc. ("Six Flags") and TIG Insurance Company's ("TIG") Statement of Additional Material Facts to which there is No Genuine Issue as follows:

42. Steadfast agrees that Mr. Pendleton testified at his deposition in the Underlying Actions that the first business dealings that OD Hopkins had with Six Flags was in 1985, and that over the course of four or five years OD Hopkins sold Six Flags five or six very large flume rides.

43. Agreed.

44. Agreed.

45. Disputed as written. Steadfast agrees that Mr. Glover had authority to send out letters under his signature as vice president of sales and marketing. See Deposition of James F. Glover (hereinafter "Depo. of Glover"), p. 40/ l. 3 – 7; and that he had the authority to send the 11/25/1998 Fax. See Depo. of Glover, p. 78/ l. 21 – 23.

46.    Disputed as written.  Steadfast agrees that Mr. Glover testified that he was the primary representative at OD Hopkins regarding the transaction for the Subject Ride, that he facilitated the negotiations by acting as an intermediate, but that he was not a negotiator.  <u>See</u> Depo. of Glover, p. 72/ l. 22 – p. 74/l. 16.

47.    Disputed.  <u>See</u> Defendant Steadfast Insurance Company's Concise Statement of Material Facts to which there is No Genuine Issue ("Steadfast's Statement of Facts"), ¶ 3 and 4.

48.    Disputed.  <u>See</u> ¶ 46 and 47; and the Affidavit of Peter G. Hermes Pursuant to Fed. R. Civ. P. 56(f) in Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Affidavit of Peter Hermes Pursuant to FRCP 56(f)").

49.    Disputed as written.  Steadfast agrees that Mr. Glover and Mr. Pendleton were involved in the transaction for the Subject Ride,

50.    Agreed.

51.    Agreed.

52.    Agreed.

53.    Agreed.

54.    Disputed.  <u>See</u> ¶ 46; Steadfast's Statement of Facts, ¶ 30, 31, 32, and 34; and Affidavit of Peter Hermes Pursuant to FRCP 56(f).

55.    Agreed.

56.    Agreed.

57.    Agreed.

58.    Disputed.  <u>See</u> ¶ 45.

59.    Agreed.

60.    Agreed.

61. Agreed.

62. Disputed. <u>See</u> Affidavit of Peter Hermes Pursuant to FRCP 56(f).

63. Disputed. <u>See</u> Affidavit of Peter Hermes Pursuant to FRCP 56(f).

64. Disputed. <u>See</u> Affidavit of Peter Hermes Pursuant to FRCP 56(f).

65. Disputed. <u>See</u> Affidavit of Peter Hermes Pursuant to FRCP 56(f).

66. Agreed.

67. Disputed. <u>See</u> Affidavit of Peter Hermes Pursuant to FRCP 56(f); and 11/25/1998 Fax.

68. Disputed. <u>See</u> Affidavit of Peter Hermes Pursuant to FRCP 56(f); and 11/25/1998 Fax.

69. Disputed. <u>See</u> ¶ 54; Affidavit of Peter Hermes Pursuant to FRCP 56(f); and 11/25/1998 Fax.

70. Agreed.

71. Agreed.

72. Steadfast agrees that the terms of the Memorandum of Understanding speak for themselves.

73. Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint. <u>See</u> Answer, ¶ 35.

74. Steadfast is without knowledge or information sufficient to form a belief as to the truth of this alleged fact, for which no supporting reference is provided.

75. Steadfast agrees that prior to the settlement, Six Flags demanded that Steadfast defend and indemnify it. Steadfast further agrees that it did not assume the defense of Six Flags in

the Underlying Actions because Six Flags is not an insured on the Steadfast policy and, therefore, Steadfast had no duty to defend or indemnify it.  <u>See</u> Answer, ¶ 31-34.

76. Steadfast agrees that the terms of the TIG Policy speak for themselves.

77. Steadfast agrees that the terms of the TIG Policy speak for themselves.

**STEADFAST INSURANCE COMPANY**,
By its attorneys,

/s/ Eric C. Hipp
Peter G. Hermes, BBO No. 231840
Eric C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR
  & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050 – Tel.
(617) 728-0052 – Fax

Dated:  June 9, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 9, 2006,

/s/ Eric C. Hipp
Eric C. Hipp

G:\DOCS\ECH\Clients\Zurich\OD Hopkins 15643\Pleadings\Opp to Cross Motion for MSJ\Defendant's Response to Plaintiffs' Concise Statement of Material Facts to which there is no Genuine Issue (Signed).doc