UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SIX FLAGS, INC., and TIG INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-11444 NMG |
| STEADFAST INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION
FOR A PROTECTIVE ORDER TO POSTPONE OR QUASH
THE DEPOSITION OF GARY STORY**

Plaintiffs Six Flags, Inc. ("Six Flags") and TIG Insurance Company ("TIG"), hereby move that this Court issue a protective order to quash, or in the alternative, postpone the deposition of Gary Story by the defendant Steadfast Insurance Company ("Steadfast"). The deposition is being sought as an adjunct to Steadfast's opposition to plaintiffs' cross-motion for summary judgment.

**FACTUAL BACKGROUND**

This insurance coverage action seeks damages from Steadfast due to its failure to defend and indemnify Six Flags in an underlying action arising from an accident involving a river raft ride built by OD Hopkins, the named insured on the Steadfast policy. By order of this Court, following a scheduling conference, the deadline for responding to written discovery was March 10, 2006, and the deadline for fact depositions was May 17, 2006. Although plaintiffs and Steadfast timely filed requests for written discovery, in anticipation of a motion for summary judgment, neither side responded to the discovery requests. Steadfast never

requested an extension of the discovery deadlines.

Steadfast filed a motion for summary judgment on April 20, 2006, accompanied by document exhibits and a supporting affidavit, asserting that it was entitled to judgment as there were no genuine issues of material fact. On May 15, 2006, plaintiffs filed an opposition and cross-motion for summary judgment, accompanied by document exhibits and supporting affidavits, including an affidavit from Gary Story, a former president of Six Flags.

On June 5, 2006, Steadfast served the plaintiffs with a notice that the deposition of Gary Story would take place on June 16, 2006, in Oklahoma City, Oklahoma (Exhibit A).[1] On June 9, 2006, Steadfast filed its opposition to plaintiffs' cross-motion for summary judgment and included an affidavit by its counsel, Peter G. Hermes, pursuant to Fed.R.Civ.P. 56(f). In the memorandum in support of its opposition, Steadfast seeks, in the alternative, a continuance to obtain discovery from Gary Story and James Glover.

## ARGUMENT

A request for further discovery pursuant to Rule 56(f) must satisfy certain requirements. It must (1) be presented in a timely manner; (2) show good cause for the failure to discover the necessary facts sooner; (3) set forth a plausible basis for believing that the necessary facts probably exist and can be learned in a reasonable time; and (4) establish that the sought facts, if found, will "influence the outcome of the pending motion for summary judgment." *Adorno v. Crowley Towing and Transportation Co.,* 443 F.3d 122, 127 (1st Cir. 2006) and cases cited. Steadfast runs afoul of all but the first of these requirements.

1.   **Steadfast Should Be Precluded From Further Discovery Because It Initiated The Summary Judgment Process And Asserted That There Were No Genuine Issues Of Material Fact.**

Steadfast's Rule 56(f) affidavit in response to plaintiffs' cross-motion was preceded by

---

[1] Steadfast has agreed to postpone the deposition pending the outcome of this motion.

its own motion for summary judgment asserting that there were no genuine issues of material fact on the issue of whether Six Flags was entitled to coverage under its policy. Steadfast's motion was supported by extensive documentary evidence as well as deposition testimony. As the original movant, Steadfast cannot now claim that it requires additional discovery. "The filing of the former motion constituted an acknowledgment by the [movant] that he had sufficient knowledge of the situation then and there, to justify asking the court to enter judgment in his favor. As we have said before, the making of such a motion almost invariably indicates that the moving party was not prejudiced by a lack of discovery." *Filiatrault v. Comverse Technology, Inc.,* 275 F.3d 131, 138 (1st Cir. 2001) (upholding denial of Rule 56(f) request for additional discovery by plaintiff that had filed cross-motion for summary judgment).

Although the Rule 56(f) request in *Filiatrault* was made by a plaintiff who filed a cross-motion for summary judgment, the underlying principle is even more apt in this case. A party should not be permitted to initiate the summary judgment process on the basis that there are no material facts in dispute, and then seek additional discovery by claiming that essential information has yet to be disclosed. In *Filiatrault,* it was the defendant that initially filed the motion for summary judgment and the plaintiff merely responded by filing an opposition and a cross-motion. Nevertheless, the First Circuit held that the filing of the cross-motion, albeit in response to the defendant's motion was, in effect, an admission that no further discovery was necessary. Here, Steadfast was in control of the timing of the motion and chose to forego any further discovery. "Once a strategic choice of this kind has been made, it seems fair to hold the party to it." *United States v. One Lot of U.S. Currency,* 927 F.2d 30, 33 (1st Cir. 1991) (rejecting Rule 56(f) request where appellant's counsel failed to request extension of time for

3

discovery).  Under these circumstances, Steadfast should not be permitted to reopen discovery at its own convenience.

**2.      Steadfast Failed To Seek Additional Time To Conduct Discovery Prior To Filing Its Motion For Summary Judgment.**

Steadfast has failed to show good cause for its inability to obtain the requested discovery sooner.  As the original movant for summary judgment, Steadfast was well aware that the discovery deadline would preclude further discovery in the absence of a request for an extension, yet it never made such a request.  Steadfast was also aware of the centrality of Gary Story's role in the coverage litigation.  Indeed, he appeared in Steadfast's Rule 26(a) initial disclosures as an individual likely to have discoverable information that Steadfast may use to support its claims or defenses.  Nevertheless, after both Steadfast and the plaintiffs filed requests for discovery on the deadline set out in the scheduling order, neither side responded and Steadfast proceeded to file its motion for summary judgment without seeking any further discovery.

Such laxity is viewed with disfavor when the party seeking further discovery is responding to a summary judgment motion.  The lack of good cause is even more apparent when it is the original movant who now seeks relief.  In the leading case of *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir. 1988), the magistrate ordered a stay of discovery in anticipation of the defendants filing dispositive motions.  After the expected summary judgment motions were allowed, the First Circuit upheld the rejection of a Rule 56(f) request, in part because the plaintiff had failed to appeal the stay of discovery. The Court stated: "We count this nonchalance heavily against the plaintiff.  Against this backdrop, it comes with peculiar ill grace for [plaintiff] presently to assert that the stay hampered its defense against summary judgment.  Courts, like the Deity, are most frequently moved to help

4

those who help themselves." *Id.* at 989. *See also Physicians C'ttee for Responsible Medicine v. Horinko,* 285 F.Supp.2d 430, 443 (S.D.N.Y. 2003) (upholding denial of Rule 56(f) motion because issue was sufficiently clear from the outset and plaintiffs had ample opportunity to pursue discovery requests currently at issue). Steadfast's failure to either seek to extend the discovery deadline or take further discovery in the time allowed before it sought summary judgment fails to meet the requirement of good cause.

**3.    Steadfast Has Failed To Show That Necessary Facts Exist.**

Under the third prong of the *Adorno* test, Steadfast must set forth a plausible basis for believing that the necessary facts probably exist. The affidavit submitted by Steadfast falls short on this prong of the test as well. In his affidavit, counsel for Steadfast focuses upon the declared need to take Gary Story's deposition. However, none of the reasons proffered demonstrate that any material facts will be disclosed.

To the extent that Steadfast claims that Gary Story's affidavit contradicts the testimony of James Glover, the deposition of Story will add nothing further. At most, there is an issue of fact created by the alleged contradiction that will not be dispelled by further testimony. On the issue of the December, 1998 telephone conversation between Story and Glover, merely disputing the contents of the Story affidavit without any supporting facts does not provide a basis for questioning its veracity. *Strang v. United States Arm Control and Disarmament Agency,* 864 F.2d 859, 861 (D.C.Cir. 1989) (holding that desire to test affiant's veracity is insufficient basis for 56(f) discovery). Steadfast provides no evidence in support of its contention that the conversation did not take place. In these circumstances, the deposition would be no more than a fishing expedition.

The necessity of discovery from James Glover is also not shown. Glover's deposition

testimony in the underlying case was relied upon by Steadfast in its motion for summary judgment. It is surprising, to say the least, that Steadfast now seeks to depose its star witness and claims that he cannot be found. Furthermore, Steadfast provides no evidence that Glover will add anything material to the testimony he has already provided.

In short, Steadfast has not shown that the additional discovery sought in its affidavit will disclose any necessary facts.

**4.      The Additional Discovery Sought By Steadfast Will Not Influence The Outcome Of The Pending Motion For Summary Judgment.**

Quite apart from Steadfast's disqualification from Rule 56(f) relief due to its tardiness, the requested discovery should not be granted because it will not affect the outcome of the competing motions for summary judgment. *Adorno, supra,* 443 F.3d at 127. Steadfast's chief reason for seeking discovery is an attempt to challenge Gary Story's affidavit, in which he stated that he agreed to the terms set out in the November 25, 1998 fax. However, although the oral agreement manifested by that conversation bolsters the plaintiffs' motion for summary judgment, it is not a necessary element.

As argued in more detail in plaintiffs' memorandum in support of their cross-motion for summary judgment, the contemporaneous documentary evidence manifests an agreement in writing by OD Hopkins that Six Flags would be added as an additional insured. There is no dispute that James Glover issued the November 25, 1998 fax that contained the agreement, and that he had authority from OD Hopkins to issue the fax. There is also no dispute that both parties proceeded to carry out the agreement by OD Hopkins building the river raft ride; Six Flags paying for the ride; and Steadfast issuing a policy containing the agreed upon terms for coverage of Six Flags. These facts, along with the deposition testimony in support, showed the existence of a written agreement and a contract ratified by performance.

In this context, the Story affidavit provides useful background information to corroborate the existence of the agreement, as well as evidencing a contract with specific terms in addition to the agreement to provide insurance. It is noteworthy in this regard, that the bulk of Steadfast's opposition to the plaintiffs' cross-motion attempts, albeit unsuccessfully, to attack the legal significance of the undisputed documentary and testimonial evidence.[2]

Simply put, Steadfast should not be permitted to depose Gary Story in Oklahoma City when it failed to pursue discovery during the time permitted, failed to seek an extension of time to conduct discovery and, instead, filed a motion for summary judgment on the basis of the information at hand. Furthermore, Steadfast has failed to show that the requested discovery will provide any necessary information and the pending motions for summary judgment will not be affected by the contested evidence.

## CONCLUSION

For the foregoing reasons, the plaintiffs respectfully move that this Court order that the deposition of Gary Story be quashed or, in the alternative, postponed pending resolution of the motions for summary judgment.

                                      Six Flags, Inc. and TIG Insurance Company.
                                      By their attorneys,

                                      /s/Samuel M. Furgang
                                      Regina E. Roman, BBO No. 426120
                                      Samuel M. Furgang, BBO No. 559062
                                      Sugarman, Rogers, Barshak & Cohen, P.C.
                                      101 Merrimac Street
                                      Boston, MA 02113

Dated: June 15, 2006

---

[2] Steadfast's effort to obtain additional discovery also has no relevance to the applicability of Endorsement 11 of its policy, which provides coverage to Six Flags as a vendor of OD Hopkins.

## CERTIFICATE OF SERVICE

      I, Samuel M. Furgang, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 15, 2006.

      /s/Samuel M. Furgang
      Samuel M. Furgang

378723