UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                )
**SIX FLAGS, INC.** and                                  )
**TIG INSURANCE COMPANY,**                  )
                                                                )
                **Plaintiffs,**                               )
                                                                )
**v.**                                                            )           Civil Action No. 05-11444 NMG
                                                                )
**STEADFAST INSURANCE COMPANY,** )
                                                                )
                **Defendant.**                             )
_____)


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT STEADFAST INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO
POSTPONE OR QUASH THE DEPOSITION OF GARY STORY**

Defendant Steadfast Insurance Company ("Steadfast") hereby opposes Plaintiffs Six Flags, Inc. ("Six Flags") and TIG Insurance Company's ("TIG") Motion for a Protective Order to Postpone or Quash the Deposition of Gary Story. The deposition of Gary Story, the former president of Six Flags, was scheduled for Friday, June 16, 2006 in Oklahoma City, Oklahoma, but was postponed pending determination of Plaintiffs' motion.

**STATEMENT OF FACTS**

In this action for declaratory judgment, Plaintiffs contend that Six Flags, previously known as Premier Parks, Inc. ("Premier Parks"), is an additional insured under an insurance policy issued by Steadfast to O.D. Hopkins Associates, Inc. ("O.D. Hopkins"), pursuant to Endorsement 11 and/or 12 of the policy. Endorsement 11 amends "Section II. Who Is An Insured" of the Steadfast policy to include vendors with respect to the distribution or sale in regular course of the vendor's business of the named insured's products. Endorsement 12 amends "Who is an Insured (Section

II)" of the Steadfast policy to include "any person or organization for whom you perform operations when you and such person have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy."

As indicated by the Electronic Clerk's Notes entered on January 10, 2006 regarding the Scheduling Conference in this matter, the deadline for fact depositions was May 17, 2006 and the deadline for non-expert depositions was June 16, 2006.

Steadfast prepared a motion for summary judgment that was in final form and ready to be filed on Monday, April 10, 2006.  See Hipp Affidavit.  At the request of Plaintiffs' counsel during the LR 7.1(2) conference, Steadfast did not file the motion until April 20, 2006 to accommodate Plaintiff's counsel's travel schedule.  See Hipp Affidavit.  Thereafter, Steadfast assented to Plaintiffs' motion to extend the time for Plaintiffs' to oppose Steadfast's motion for summary judgment to May 15, 2006.  As explained in detail in Steadfast's Fed. R. Civ. P 56(f) Affidavit,[1] Plaintiffs asserted certain factual allegations for the first time in this litigation or in the Underlying Actions[2] when the Affidavit of Gary Story was filed as part of Plaintiffs' Cross-Motion for Summary Judgment on May 15, 2006.

Plaintiffs' counsel provided Mr. Story's address and telephone number for the first time by letter on Friday, June 2, 2006.  Steadfast promptly prepared a deposition subpoena and served the deposition notice on Monday, June 5, 2006.  On June 8, 2006, the subpoena was served by personal delivery upon Mr. Story in compliance with Fed. R. Civ. P. 45.

---

[1]  See The Affidavit of Peter G. Hermes Pursuant to Fed. R. Civ. P. 56(f) in Opposition to Plaintiffs' Cross-Motion for Summary Judgment ("Hermes 56(f) Affidavit"), which was filed in this matter on June 9, 2006 as Document 29.

[2]  As described in Steadfast's Motion for Summary Judgment, the Underlying Actions are contained in the complaint filed in or around July, 2001 in the action entitled Messier, et. al. vs. Six Flags, Inc., et. al., Worcester Superior Court, No. SUCV2001-01494B, through which the plaintiffs sought damages from, among others, Six Flags and OD Hopkins, related to an alleged near drowning incident that occurred on or about August 7, 1999 involving the Subject Ride.

# ARGUMENT

I.  <u>Plaintiffs' Motion should be denied because it has been filed in the wrong venue.</u>

As provided by Fed. R. Civ. P. 45(c)(3)(A), "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena…." "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena was issued." Fed. R. Civ. P. 45(e).

In accordance with Fed. R. Civ. P. 45, the deposition subpoena served upon Gary Story was issued by the United States District Court for the Western District of Oklahoma.[3] Mr. Story is a resident of Edmund, Oklahoma. The deposition was scheduled to take place in Oklahoma City less than 100 miles from Mr. Story's place of residence. Accordingly, the proper venue for Plaintiffs' motion is the United Sates District Court for the Western District of Oklahoma in Oklahoma City, Oklahoma.

II.  <u>The Scheduled Deposition of Gary Story on June 16, 2006 was within the Deadline announced by the Court at the Scheduling Conference.</u>

As indicated by the Electronic Clerk's Notes entered on January 10, 2006 following the Scheduling Conference in this matter, the deadline for non-expert depositions was June 16, 2006.

Plaintiffs' counsel provided Mr. Story's address and telephone number for the first time by letter on Friday, June 2, 2006. In order to give Mr. Story and Plaintiffs the maximum amount of time for compliance within the deadline imposed by the Court, Steadfast served a deposition

---

[3] A copy of the subpoena is attached as Exhibit 2 to the Affidavit of Eric C. Hipp, which is filed herewith.

notice[4] on June 5, 2006 scheduling the deposition for Friday, June 16th. The deposition subpoena was prepared on June 5th, and was served upon Mr. Story by personal delivery on June 8, 2006.[5]

Notwithstanding the cases cited by Plaintiffs regarding Fed. R. Civ. P. 56(f), Plaintiffs have not cited any authority for the proposition that filing a motion for summary judgment terminates further discovery in compliance with the Court's scheduling order deadlines. The deposition of Gary Story was scheduled in compliance with the Court's deadlines and Fed. R. Civ. P. 45. Accordingly, Plaintiffs' motion should be denied, and Steadfast should be allowed to proceed with the deposition of Gary Story.

III.   Steadfast's Request for a Continuance of the Plaintiffs' Cross-Motion for Summary Judgment to allow Additional Time to Take the Deposition of Gary Story Complies with the Requirements of Fed. R. Civ. P. 56(f).

Notwithstanding that Steadfast scheduled the deposition of Gary Story in a timely manner and that it was not scheduled sooner because of Plaintiffs' delays, Plaintiffs have thus far prevented Steadfast from taking Gary Story's deposition almost two weeks ago under the guise of a concern about delaying the Court's consideration of Plaintiffs' Cross-Motion for Summary Judgment, which is not yet scheduled for hearing.

As part of the Opposition to Plaintiffs' Cross-Motion for Summary Judgment, Steadfast requested that the Court continue the motion to allow additional time to take the deposition of Gary Story. In compliance with Fed. Civ. P. 56(f), Steadfast filed the Hermes 56(f) Affidavit detailing the reasons for the request and Steadfast's efforts to complete the deposition in an

---

[4] A copy of the Notice of Taking Deposition regarding Gary Story is attached as Exhibit 1 to the Affidavit of Eric C. Hipp, which is filed herewith.

[5] See Proof of Service Affidavit, a copy of which is attached as Exhibit 3 to the Affidavit of Eric C. Hipp, which is filed herewith.

expeditious manner.  Essentially, Plaintiffs have chosen their present motion as the forum to oppose Steadfast's request under Fed. R. Civ. P. 56(f).

As stated by the court in <u>Adorno v. Crowley Towing and Transportation Co.</u>, 443 F.3d 122, 127 (1st Cir. 2006), the decision to grant or deny relief under Fed. R. Civ. P. 56(F) falls within the trial court's discretion.  "[W]hen additional discovery is sought, such motion must (1) be presented in a timely manner; (2) show good cause for the failure to discover the necessary facts sooner; (3) set forth a plausible basis for believing that the necessary facts probably exist and can be learned in a reasonable time; and (4) establish that the sought facts, if found, will 'influence the outcome of the pending motion for summary judgment.'"  <u>Id.</u> (citation omitted).

Steadfast fulfilled each of the requirements in the Hermes 56(f) Affidavit and the opposition to Plaintiffs' present motion.  Plaintiffs concede that the request was made in a timely manner.  Steadfast has detailed the reasons why Gary Story's deposition could not be taken prior to June 16, 2006.  Steadfast has explained the context in which Mr. Story's testimony.  But for Plaintiffs' motion, Mr. Story's deposition would have been completed almost two weeks ago.  Steadfast has also explained the impact of Mr. Story's testimony on the pending motion and cross-motion for summary judgment.

Accordingly, Plaintiffs' motion should be denied, and Steadfast should be allowed to proceed with the deposition of Gary Story.

## CONCLUSION

For the above-mentioned reasons, Steadfast requests that this Court deny Plaintiffs' Motion for a Protective Order and allow Steadfast to proceed with the deposition of Gary Story.

**STEADFAST INSURANCE COMPANY**,
By its attorneys,

/s/ Eric C. Hipp
Peter G. Hermes, BBO No. 231840
Eric C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR
   & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050 – Tel.
(617) 728-0052 – Fax

Dated:  June 29, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 29, 2006,

/s/ Eric C. Hipp
Eric C. Hipp

G:\DOCS\ECH\Clients\Zurich\OD Hopkins 15643\Pleadings\Opp to Motion for Protective Order\Memo in Support of Opposition to Motion for a Protective Order to Postpone or Quash the Deposition of Gary Story.doc