UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                    )
**SIX FLAGS, INC.** and                                 )
**TIG INSURANCE COMPANY,**                )
                                                                    )
       **Plaintiffs,**                                     )
                                                                    )
v.                                                                )      Civil Action No. 05-11444 NMG
                                                                    )
**STEADFAST INSURANCE COMPANY,**  )
                                                                    )
       **Defendant.**                                     )
_____)

**AFFIDAVIT OF ERIC C. HIPP IN SUPPORT OF STEADFAST INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER TO POSTPONE OR QUASH THE DEPOSITION OF GARY STORY**

     I, Eric C. Hipp, am an attorney admitted to the bar of the Commonwealth of Massachusetts and the bar of the United States District Court of Massachusetts. I represent Defendant Steadfast Insurance Company ("Steadfast"), in the above-referenced case. I have personal knowledge of the facts set forth herein.

     1.    A true and accurate copy of the Notice of Taking Deposition regarding the deposition of Gary Story scheduled for June 16, 2006 is attached hereto as Exhibit 1.

     2.    A true and accurate copy of the Subpeona in a Civil Case regarding the deposition of Gary Story scheduled for June 16, 2006 is attached hereto as Exhibit 2.

     3.    A true and accurate copy of the Proof of Service Affidavit regarding service of the deposition subpoena to Gary Story by personal service is attached hereto as Exhibit 3.

     4.    Steadfast Insurance Company's Motion for Summary Judgment was in final form and ready to be filed on Monday, April 10, 2006.

5.   During the LR 7.1(2) conference regarding Steadfast Insurance Company's Motion for Summary Judgment, Plaintiffs' counsel Regina Roman requested that Steadfast delay filing the motion due to the travel schedule of Plaintiff's counsel Samuel Furgang.

6.   At the request of Plaintiffs' counsel during the LR 7.1(2) conference, Steadfast did not file the motion until April 20, 2006 to accommodate Plaintiff's counsel's travel schedule.

7.   Pursuant to Plaintiff's counsel's request, Steadfast waited to file its Motion for Summary Judgment until April 20, 2006.

8.   Plaintiffs' counsel Samuel Furgang requested an extension of the time for Plaintiffs' to oppose Steadfast's motion for summary judgment to May 15, 2006.  Steadfast assented to Plaintiffs' motion, which was granted by the Court.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 29th DAY OF JUNE, 2006.

/s/ Eric C. Hipp
Eric C. Hipp

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 29, 2006,

/s/ Eric C. Hipp
Eric C. Hipp

G:\DOCS\ECH\Clients\Zurich\OD Hopkins 15643\Pleadings\Opp to Motion for Protective Order\Affidavit of Eric C. Hipp.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIX FLAGS, INC. and ) <br> TIG INSURANCE COMPANY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STEADFAST INSURANCE COMPANY, ) <br> ) <br> Defendant. ) | Civil Action No. 05-11444 NMG |

**NOTICE OF TAKING DEPOSITION**

Please take notice that at **10:00 a.m.** on **Friday, June 16, 2006**, at the offices ofSteve Meador and Associates, 318 Northwest 13th Street, Oklahoma City, OK 73103, the Defendant in this action, Steadfast Insurance Company, by its attorneys, will take the deposition upon oral examination of **Gary Story,** pursuant to the provisions of Fed. R. Civ. P. 30 and 45.

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

STEADFAST INSURANCE COMPANY,
By its attorneys,

Peter G. Hermes, BBO No. 231840
Eric C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR
   & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050 – Tel.
(617) 728-0052 – Fax

Dated: June 5, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th of June, 2006, a copy of the within NOTICE OF TAKING DEPOSITION was served by first class, postage prepaid mail upon the following counsel of record:

Samuel M. Furgang, Esq.
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114-4737

_____
Eric C. Hipp

G:\DOCS\ECH\Clients\Zurich\OD Hopkins 15643\Pleadings\NTD - Story.doc

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Western | DISTRICT OF | Oklahoma |

| Six Flags, Inc. and TIG Insurance Company | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| Steadfast Insurance Company | Case Number:[1] 05-11444 NMG |

United States District Court for the District of Massachusetts

TO: Mr. Gary Story
2532 Sweetbriar
Edmond, OK 73034

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Steve Meador and Associates  318 Northwest 13th Street; Oklahoma City, OK 73103 | DATE AND TIME  6/16/2006 10:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]* Attorney for Defendant | DATE  6/5/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric C. Hipp, Esq.; BBO No. 642658; Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor; Boston, MA 02110 (Telephone No: 617-210-7750)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                    DATE                                SIGNATURE OF SERVER

                                        _____
                                        ADDRESS OF SERVER

                                        _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

2004   LS0661056

**PROOF OF SERVICE AFFIDAVIT**

JUN 16, 2006

ORIGIN: USDC/WD:OK                                          CASE NUMBER:   05 11444 NMG

Plaintiff/In Re:  SIX FLAGS, INC, ET AL

Defendant(s):   STEADFAST INSURANCE CO.

___

I, _____Barbara Tatum_____, being duly sworn, certify that I received the foregoing, to wit:

Subpoena / Witness Fee ($56.02)


For service upon:  *GARY STORY*

And that on  __Jun 8, 2006__  at  __8:30 pm__ , I served the same on the above named by delivering

copies of the same to: __GARY STORY_____, who identified

himself / herself as a/the __N/A_____ at an address

of __2532 SWEETBRIAR, EDMOND, OK  73034_____ which is identified as a

☒ residential address    ☐ business / employment address.

I completed the above service in the following manner:

☒ **PERSONAL SERVICE:**  By delivering said process to the above named person(s).

☐ **RESIDENTIAL SERVICE:**  By leaving a copy of said process for the above named, at their usual place of abode or dwelling, with an individual who identified himself / herself as a resident / family member fifteen years of age or older.

☐ **PERSONAL / RESIDENTIAL SERVICE:**  By personally delievering a copy of said process to the above indicated person and, additionally, by leaving a copy for _____ with said individual who identified himself / herself as a resident / family member fifteen years of age or older.

☐ **CORPORATION / PARTNERSHIP / UNICORPORATED ASSOCIATION, ETC. :**  By delivering a copy of said process for the above named enity, with the person indicated, as required by law.

☐ **POSTED SERVICE:**  By affixing a copy of said process at the address indicated, which is believed to be in the possession of the above named individual / enity, in a conspicuous manner as required by law.

☐ **SERVICE BY MAIL:**  By mailing a copy of said process to the above named at the address indicated as required by law in the following manner:
   ☐ First Class Mail    ☐ Certified Mail    ☐ Restricted Delivery    ☐ Return Receipt Requested

☐ **OTHER INFORMATION:**


Subscribed and sworn to before me this __9__ day of __June__, 2006 in Oklahoma County.

_____
Notary Public

Undersigned declares under penalty of perjury that the foregoing is true and correct.

_____  PSS-03-69
Signature of Server                        PS #



*Jerry M. Freeland's*
**LEGAL SUPPORT SERVICES OF OKLAHOMA, INC.**
217 N. Harvey, Suite 405  ♦  OklahomaCity, Oklahoma 73102  ♦  (405) 232-1025
* * * 31st Years of Service * * *

Rev. 11/08/02